IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**DARRES CHINSONG PARK,**

    Plaintiff,

v.
                                      **CIVIL ACTION NO. 2:15-CV-42**
                                      **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi [Doc. 54]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on September 20, 2016, wherein he recommends this Court dismiss the plaintiff's FTCA Complaint with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Plaintiff timely filed his Objections [Doc. 56] on September 30, 2016. Accordingly, this Court will review the portions of the R&R to which the plaintiff objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## Discussion

Plaintiff alleges that on February 20, 2013, members of the Sureno gang at USP Hazelton stabbed him multiple times, causing several injuries. Plaintiff alleges the attack was the result of his saving a BOP staff member from a Sureno attack at another federal prison. Plaintiff maintains that prison officials knew of the risk posed, yet did nothing to prevent it.

The FTCA waives the federal government's traditional immunity from suit for claims for money damages based on the negligence of its employees, and "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." 28 U.S.C. § 1346(b)(1); **Medina v. United States**, 259 F.3d 220, 223 (4th Cir. 2001). In classes of cases where the United States has waived its immunity, such as those under the FTCA, the jurisdiction of the federal courts to entertain a particular case is defined by the terms of that waiver. **United States v. Sherwood**, 312 U.S. 584, 586–87 (1941).

Under the FTCA's immunity waiver, Congress has defined certain exceptions, the

application of which defines this Court's jurisdiction over FTCA claims. The exception relevant to this case is known as the discretionary function exception, delineated in 28 U.S.C. § 2680(a). This exception expressly provides that the immunity waiver created by the FTCA "does not apply to claims 'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" **McMellon v. United States**, 387 F.3d 329, 335–36 (4th Cir. 2004)(quoting 28 U.S.C. § 2680(a)). The discretionary function exception defines one type of negligence claim for which the United States has not waived its sovereign immunity under the FTCA, and as such, in cases where the discretionary function applies, federal courts lack jurisdiction.

The United States here argues that the discretionary function exception applies to all of the allegedly negligent behavior of the staff at USP Hazelton asserted in the plaintiff's Complaint. Accordingly, because this argument necessarily claims that this Court lacks subject matter jurisdiction over this case, this Court must consider it first in order to determine whether it has jurisdiction to consider the merits of the plaintiff's case. **Vt. Agency of Natural Res. v. United States ex rel. Stevens**, 529 U.S. 765, 778–79 (2000) (*abrogated on different grounds by* **Cook County v. United States ex rel. Chandler**, 538 U.S. 119 (2003)) ("Questions of jurisdiction, of course, should be given priority—since if there is no jurisdiction, there is no authority to sit in judgment of anything else.").

Further, the plaintiff bears "the burden of proof to show an unequivocal waiver of sovereign immunity exists and to show that" the discretionary function exception does not apply. **LeRose v. United States**, 285 F.App'x 93, 96; **Welch v. United States**, 409 F.3d

3

646 (4th Cir. 2005). The magistrate judge assessed the application of the discretionary function exception to the plaintiff's claims in this case, and recommends that this Court dismiss this civil action.

In order to determine whether the discretionary function exception applies to the conduct alleged by the plaintiff, this Court must first determine whether that conduct "involves an element of judgment or choice," or whether a "federal statute, regulation, or policy specifically prescribes the course of action for an employee to follow." **Berkovitz v. United States**, 486 U.S. 531, 536 (1988). If the Court finds the latter, the discretionary function exception cannot apply. If, on the other hand, the Court finds that the conduct alleged does involve a certain amount of judgment or choice, and is not directly regulated by a statute or regulation, the Court must then determine "whether that judgment is of the kind that the discretionary function is designed to shield." *Id*. Such judgments are those "decisions grounded in social, economic, and political policy." *Id*. Review of challenged conduct must focus on the objective nature of the act itself, not the "status of the actor" or the actor's subjective intent behind the conduct. **United States v. Varig Airlines**, 467 U.S. 797, 813 (1984). As such, so long as the government employee's conduct involved discretion, and the decision itself was grounded in public policy, the exception applies, even if the decision made was an abuse of discretion. **Palay v. United States**, 349 F.3d 418, 428 (7th Cir. 1995); 28 U.S.C. § 2680(a).

As this Court has previously noted, the determination of the application of the discretionary function exception is not akin to a negligence inquiry. The wisdom or reasonableness of the actual ultimate decision challenged is irrelevant to the determination.

4

Rather, if a decision is a discretionary one, and no mandatory duties were breached, "whether the government was in fact negligent is irrelevant to the analysis." *Hylin v. United States*, 755 F.2d 551, 553 (7th Cir. 1985). In order to determine whether a decision is one grounded in public policy such that it is one that the discretionary function exception was designed to protect, courts must observe the nature of the decision objectively, and whether the nature of the decision is "grounded in social, economic, and political policy." *Berkovitz*, 486 U.S. at 536. Whether the actual decision made advanced any particular articulated policy goal is irrelevant so long as the nature of the decision is grounded in public policy generally.

Plaintiff argues that on the date he was attacked, BOP officials knew or should have known that he faced an unreasonable risk of attack from Sureno affiliated gangs at Hazelton. In support of his argument that he is entitled to relief under the FTCA, plaintiff relies on Program Statement 5180.05, Central Inmate Monitoring System.

That Policy provides:

The Bureau of Prisons monitors and controls the transfer, temporary release, and community activities of certain inmates who present special needs for management. Such inmates, known as central inmate monitoring (CIM) cases, require a higher level of review which may include Central Office and/or Regional Office clearance for transfers, temporary releases, or community activities. This monitoring is not to preclude a CIM case from such activities, when the inmate is otherwise eligible, but rather is to provide protection to all concerned and to contribute to the safe and orderly operation

5

> of federal institutions.

28 C.F.R. § 524.70.

The assignment of a separation order is a matter of discretion on the part of BOP officials. **Usry v. United States**, 2013 WL 1196650 (Mar. 25, 2013 N.D. W.Va.)(Stamp, J.). Further, maintaining order and security in prison is the type of policy-based decision that the discretionary function exception shields. See **Cohen v. United States**, 151 F.3d 1338, 1344 (11th Cir. 1998) ("Deciding how to classify prisoners and choosing the institution in which to place them are part and parcel of the inherently policy-laden endeavor of maintaining order and preserving security within our nation's prisons.").

Most importantly in this case, there exists no evidence to support the plaintiff's assertion that BOP officials knew or should have known that he was in danger of attack. As noted in the R&R, both his counselor and case manager at Hazelton deny that plaintiff ever told him that he was in danger and could not be placed in general population. Plaintiff makes no allegation that he ever requested protective custody prior to the attack. Nevertheless, the facts demonstrate that he was given protective custody when requested, investigations were conducted, and he was separated from all individuals who were a threat.

Because § 4042(a) "is an established governmental policy . . . [that] allows a Government agent to exercise discretion" in providing for the safekeeping, protection, and care of inmates, it must be "presumed that the [BOP's] acts are grounded in policy when exercising that discretion." **Gaubert**, at 324. Thus, the plaintiff bears "the burden of proof to show an unequivocal waiver of sovereign immunity exists and to show that" the

discretionary function does not apply." *LeRose*, 285 F.App'x. 93, 96; *Welch*, 409 F.3d 646 (4th Cir. 2005). Here, plaintiff has failed to meet his burden.

In his Objections, plaintiff first makes a blanket objection to the magistrate judge's overall recommendation that this Court dismiss the Complaint with prejudice. He simply states that "[he] does not agree." Such a blanket objection does not warrant *de novo* review. "To the extent petitioner fails to point to a specific error in the R&R and simply makes conclusory objections, the Court need not conduct a *de novo* review. **Smith v. Washington Mut. Bank FA**, 308 F.App'x 707, 708 (4th Cir. 2009) ('The court need not conduct *de novo* review . . . "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."') (quoting **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982))." **Cabbagestalk v. McFadden**, 2015 WL 4077211 (D.S.C. July 1, 2015). Accordingly, this objection is overruled.

Next, plaintiff points to the footnote of the R&R wherein the magistrate judge states that he is unable to find any declaration of case manager Gyurke. Plaintiff asserts that this declaration "illustrates why the discretionary function does not apply." This Court notes the Declaration of Michael Gyurke is docketed at Entry 42. That Declaration states "Mr. Park did not indicate to me that he was in danger, nor did he ask for protective custody." Further, Case Manager Gyurke states "[d]espite inmate Park's allegation, there is no valid information that staff are passing an inmates' confidential information to other inmates." [Doc. 42 at 1-2]. This declaration does nothing to support plaintiff's allegations. Accordingly, the plaintiff's Objections [Doc. 56] are **OVERRULED**.

## Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 54]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The plaintiff's Objections **[Doc. 56]** are **OVERRULED**. The Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment **[Doc. 40]** is **GRANTED**. Accordingly, this Court **ORDERS** that the plaintiff's Complaint **[Doc. 1]** be **DISMISSED WITH PREJUDICE**. The Clerk is further **DIRECTED** to enter judgment in favor of the defendant. Finally, this matter is **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** October 4, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE